**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:07CV394**

| | | |
|---|---|---|
| **TWO MEN AND A TRUCK INTERNATIONAL, INC., a Michigan corporation,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **Vs.** | ) ) | **O R D E R** |
| **CLETE, INC., a North Carolina corporation, d/b/a TRUCK AND TWO GUYS MOVING; and BRUCE HENSLEY, an individual, jointly and severally,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for

preliminary injunction, filed January 7, 2008.

Plaintiff's complaint, filed December 18, 2007, against Defendants

Clete, Inc., d/b/a Truck and Two Guys Moving (Clete), and Bruce Hensley,

the alleged owner of Clete, alleges trademark infringement and unfair

competition in violation of state and federal law, as well as unjust

enrichment. **Verified Complaint, filed December 18, 2007, at 9, 13, 15.**

Pursuant to this complaint, on December 21, 2007, the Clerk's Office issued summonses as to both Defendants; the summonses contained blank return of service forms. Notices in the Court's electronic filing system instructed Plaintiff's counsel to "print the summons and serve with other case opening documents in accordance with Fed. R. Civ. P 4 and Local Rule 73.1(A)(2)."[1]

On January 7, 2008, Plaintiff filed the instant motion requesting a preliminary injunction against Defendants. The accompanying certificate of service from Plaintiff's counsel stated, "I hereby certify that a copy of the foregoing paper *will be* personally served upon each of the Defendants together with the service of the Verified Complaint." **Motion for Preliminary Injunction, filed January 7, 2008, at 6 (emphasis added).**

---

[1] The version of Local Rule 73.1(A)(2) that was in effect on December 21, 2007, required Plaintiff to serve "a blank copy of the consent/denial form [pertaining to Magistrate Judge jurisdiction] on all defendants with the complaint."

Effective January 1, 2008, Local Rule 73.1 was amended to be more specific. It now provides that Plaintiff "shall serve the Case Assignment Notice, the Notice of Availability of a Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge form on all parties with the complaint . . . ."

Such a certificate of "future" service is not sufficient to comply with the requirements of Fed. R. Civ. P. 4 and 5, which govern service of complaints and post-complaint pleadings. To date, this case contains no indication whatsoever that any pertinent document has been served upon Defendants. Had the necessary documents been served on or before the date recited in the motion's certificate of service, as is routine procedure, Defendant's response would have been due on January 24, 2008. **Local Rule of Civil Procedure 7.1(E) ("Responses to motions, if any, shall be filed within fourteen (14) days of the date on which the motion is served, as evidenced by the certificate of service attached to said motion."); *see also* Fed. R. Civ. P. 6(a), (d).** Since Defendants do not appear to have received the motion, however, the undersigned can hardly expect them to comply with this deadline. Indeed, until the record contains some proof that the complaint has been served, the Court does not acquire jurisdiction over Defendants at all. ***Johnson v. Ashcroft*, 329 F. Supp. 715, 723-24 (D.S.C. 2004) (observing that until a plaintiff has filed a proof of service of the complaint, as required by Federal Rule of Civil Procedure 4(l), the district court has no jurisdiction over the defendant(s)).**

Accordingly, the instant motion for preliminary injunction is denied without prejudice to renewal once the record contains proof of service of the complaint and of all other relevant documents, in accordance with Federal Rules of Civil Procedure 4 and 5.

Additionally, the Court cautions Plaintiff that Federal Rule of Civil Procedure 4(m) mandates dismissal of actions in which the complaint has not been served within 120 days of filing.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for preliminary injunction is hereby **DENIED** without prejudice.

Signed: January 30, 2008

Lacy H. Thornburg
United States District Judge