**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:07cv394**

| | | |
|---|---|---|
| **TWO MEN AND A TRUCK ®/** | ) | |
| **INTERNATIONAL, INC., a Michigan** | ) | |
| **corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **CLETE, INC, a North Carolina** | ) | |
| **corporation d/b/a TRUCK AND** | ) | |
| **TWO GUYS MOVING; and BRUCE** | ) | |
| **HENSLEY, an individual, jointly and** | ) | |
| **severally,** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's *Ex Parte* Motion for

Alternative Service.  Review of the motion reveals that plaintiff has used best efforts

and due diligence in attempting to effectuate service upon the defendants, but that

defendants have frustrated service in such a manner as to make service by a private

process server impossible.

In support of such motion, plaintiff has fully documented its good faith attempts

at service. The court notes that plaintiff's private process server, Piedmont Private

Investigations, has refused to make further attempts at service believing that defendant

Bruce Hensley poses a threat to its employees.

Finding that good and adequate cause has been shown, the court will grant the request and direct that the United States Marshal to serve defendants herein with process by personal service. Plaintiff shall bear all costs of service by the Marshal.

Finally, it appears that the time for service of process, which was issued on December 21, 2007, will expire on April 19, 2008. The court will enlarge the time for service by 30 days in an abundance of caution.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)     the time for service of process is **ENLARGED** by 30 days;

(2)     plaintiff's Ex Parte Motion for Alternative Service (#8) is **GRANTED,** and the United States Marshal is respectfully directed to attempt personal service upon defendant Bruce Hensley both individually and as agent for defendant Clete, Inc.;

(3)     counsel for plaintiff shall make immediate contact with Supervising Deputy Lee Banks, United States Marshal Service, and provide the Marshal with whatever information he may need. Plaintiff shall be responsible for all costs of service of process by the United States

Marshal; and

(4)    the Clerk of this court is respectfully instructed to deliver a copy of this Order, a copy of docket entry eight and all attachments thereto, two copies of the Complaint and attachments thereto, and copies of the summonses previously issued. The Clerk is advised that the Marshal would like such materials as soon as possible due to the other matters on the court's calendar.

Signed: March 15, 2008

Dennis L. Howell
United States Magistrate Judge