# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV394

| | |
|---|---|
| TWO MEN AND A TRUCK®/ INTERNATIONAL, INC., a Michigan corporation, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>CLETE, INC., a North Carolina corporation, d/b/a TRUCK AND TWO GUYS MOVING; and BRUCE HENSLEY, an individual, jointly and severally, )<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's renewed motions for default judgment and permanent injunction, filed December 15, 2008.

The procedural history of this litigation is outlined in detail in the Court's previous Memorandum and Order and is, therefore, fully incorporated herein. **See Memorandum and Order, filed June 19, 2008, at 2-5.** Other facts will be cited as is necessary for resolution of the instant motions.

On December 15, 2008, Plaintiff renewed its motions for a default judgment and a permanent injunction as to all Defendants.[1]  At the time the renewed motions were filed, Defendants had failed to respond in any way to these proceedings and had failed to comply with the Court's orders set forth in the Preliminary Injunction.  As a result of Defendant's apparent indifference to and disrespect for the Court's orders, the Court entered a show cause order for Defendant Bruce Hensley to appear and show cause why he should not be held in contempt and that he produce at the hearing the financial disclosures and compliance reports ordered by the Preliminary Injunction or show cause why he should be excused from this duty.  **See Show Cause Order, filed February 2, 2009, at 7.**

On February 26, 2009, the show cause hearing was held. Plaintiff's attorney was present and the Defendant Bruce Hensley also appeared at the hearing *pro se*.  When asked why he had failed to follow the orders of the Court or otherwise appear and defend in this action, Hensley admitted Plaintiff was entitled to the relief requested in this case.  He also stated he

---

[1] Plaintiff's renewed motion also stated that it would renew the motion for attorney fees after these motions were decided.  However, to date, the motion for attorney fees has not been amended or renewed.  Therefore, the Court will rule on the motion for attorney fees contained in Plaintiff's initial motions for default judgment and permanent injunction.

was no longer operating under the name "Truck and Two Guys Moving," that the phone numbers associated with this company had been changed as required by the Preliminary Injunction, and that he has completely abandoned any use of the "Truck and Two Guys Moving" name. Hensley presented financial records for examination by the Court and Plaintiff's counsel. *See* **Court's Exhibit 1.**

In response, Plaintiff's attorney asked the Court to award $1.00 in statutory damages, Plaintiff's costs of the action, and reasonable attorney fees associated with prosecuting this case.

The Court finds that Defendants have been properly served with copies of the summons and the Complaint; that neither Defendant has filed a responsive pleading herein; that no counsel has entered an appearance for the Defendants; and that the Court Clerk has properly entered Defendants' default on the docket.

The Court further finds that Plaintiff has set forth a factual basis to demonstrate that it has a protectable service mark in the federally registered TWO MEN AND A TRUCK® mark and has shown that Defendants' junior mark, "Truck and Two Guys Moving," has caused and is likely to continue to cause the consuming public to confuse the "Truck and

Two Guys Moving" mark and name with Plaintiff's TWO MEN AND A TRUCK® federally registered service mark.

The Court further finds that this is an "exceptional case" as defined in 15 U.S.C. § 1117(a), due to Defendants' bad faith, demonstrated by their unwillingness to communicate or otherwise discuss their infringing use of Plaintiff's service mark even after receiving a letter from Plaintiff's counsel dated July 5, 2007, complaining of the infringement and Defendants' on-going efforts to avoid service of process or otherwise failing to respond to the pleadings herein. Therefore, the Court grants Plaintiff's motion for attorney fees and costs of this action.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's renewed motions for default judgment and permanent injunction are **ALLOWED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for attorney fees and costs is **ALLOWED.**

A Default Judgment and Permanent Injunction is filed contemporaneously herewith.

5

Signed: March 26, 2009

*(signature)*

Lacy H. Thornburg
United States District Judge